JONES, Judge.
Appellant, Winn Dixie Louisiana, Inc. appeals a judgment of the trial court awarding the plaintiff, Paul Lesassier damages in the amount of $8,936.00 for injuries suffered when he slipped and injured himself in a store owned and managed by the defendant. Plaintiff answered the appeal and seeks an increase in the amount of damages awarded.
FACTS
On August 12, 1990, plaintiff, who at the time was seventeen years of age, accompanied his mother, Linda Lesassier and a friend, Renwick Dumas, to the Winn-Dixie Store on Carrollton Avenue. While in the store he slipped and fell on a substance later determined to be egg yolk.
The plaintiff and his friend testified that the plaintiff’s mother had asked them to go over to the wine area and pick out a bottle of wine and champagne for her. They were -looking for the wine when the plaintiff slipped. As he was falling he reached for the shelf and several bottles of wine fell off the shelf and hit him as he was falling to the floor. When the manager arrived the plaintiff was lying on the floor. The manager and security guard testified that they observed the egg yolk on the plaintiff’s clothes, but did not see any egg shell. The friend and a former employee testified that they observed egg shell and egg yolk on the floor.
At the trial of the case the co-manager of the store testified that he and the security guard had inspected the area wherein the accident occurred five to ten minutes prior to the accident. In fact he testified that he regularly monitored the entire store. He did not know how many inspections employees of the store conducted on the day in question because the store did not keep a log of inspections or cleanups. The security guard also testified that the area had been checked prior to the accident and that he did not see anything on the floor. A former employee, who was employed as a customer service clerk at the time of the accident, testified that on the day of the accident, the manager had been in the front of the store all morning. Plaintiff’s mother took him to the emergency room of Hotel Dieu hospital where the doctors diagnosed his condition as “lumbar/cervical spine strain.” At the trial of the case the plaintiff and his mother testified that following the accident he obtained medical care at Hotel Dieu and also was treated by Dr. Guenther. Plaintiff was treated conservatively for approximately five months. He subsequently joined the Navy and was able to complete boot camp. At the time of the trial, he was still in the Navy but testified that he still experienced pain in his neck and that because of his injury he did not believe he would be able to accomplish his goal of becoming a Navy seal. However, it did not appear that he was still receiving any medical treatment. Rather, he was simply taking advil or tylenol for pain. The medical records were stipulated into the record.
Following the trial of the case, the trial court awarded the plaintiff the amount of $1,436 for medical expenses and $7500 general damages.
Defendant, Winn Dixie appeals the judgment of the trial court arguing that the trial court erred in its interpretation and/or application of La.R.S. 9:2800.6. Plaintiff appeals the judgment arguing that the trial court erred in determining the quantum.
DISCUSSION AND LAW
The first issue to be addressed in this appeal is whether the trial court properly applied the standard required for merchants concerning the duty of care owed to *198 customers regarding the condition of the store premises.
Defendant argues that the trial court erred when it failed to find that the defendant acted in a reasonably prudent manner in exercising the duty of care owed to a customer to keep the store premises free of hazardous conditions. Defendant argues that because it presented testimony which showed that its personnel exercised care to keep the aisle where the incident took place free of hazardous conditions, like the egg yolk, it carried its burden of exculpating itself from liability. Defendant asserts that the trial court obviously concluded that its employees’ testimony was not credible unless supported by written logs. Such logic it argues is flawed since it automatically discredits employee testimony.
The provisions of La.R.S. 9:2800.6 in effect at the time of the accident provided as follows:
§ 2800.6. Liability of a merchant for injuries sustained by a person while on the premises of the merchant
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
La.R.S. 9:2800.6 contains no requirement to indicate that written records concerning inspection and maintenance of the store premises must be submitted in order for the merchant to meet the burden established by La.R.S. 9:2800.6(C). For this reason, it is possible for a merchant to meet his burden of proof by simply presenting the testimony of the employee responsible for the subject area. However, the issue of whether the trial judge finds the witness to be credible is a factual issue to be determined by the trial court.
The co-manager and security guard testified that the area had been inspected prior to the accident. However, the former employee testified that the store had been crowded that day and that the co-manager had been in the front part of the store near the cashiers all morning. The trial court undoubtedly decided that the testimony of the former employee was more credible than the testimony of the defendant’s witnesses. Thus, the trial court resolved the credibility issue in favor of the plaintiff and his witnesses and against the defendant. Absent an abuse of discretion, the decision of the trial court on credibility issues is not to be disturbed. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The second issue to be addressed by this court is whether the trial court erred in the amount of quantum awarded to the plaintiff.
The plaintiff suffered what appeared to be a soft tissue injury which resolved itself enough for him to pass the physical needed to serve in the Navy. He was treated conservatively for approximately five months. At the time of trial he still complained of pain in his neck, but was not receiving any medical treatment.
The standard for determining the adequacy of awards for damages is whether the trier of fact abused his “much dis *199 cretion” in awarding damages. Reck v. Stevens, 373 So.2d 498 (La.1979). Having reviewed the facts of the ease, we find no abuse of discretion in the award of $1436 as medical expenses and $7500 general damages to the plaintiff.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.